Submitted: 8/13/2021 7:18 AM
Sue Murphy, District Clerk
Austin County, Texas
By: Christina Stolarski, Deputy

2021V-0126

## CAUSE NO. _____

| | | |
|---|---|---|
| **MARIA MENDEZ** | § | IN THE DISTRICT COURT |
| | § | |
| Vs. | § | OF AUSTIN COUNTY, TEXAS |
| | § | |
| **BRYANT PAGE, SEAD JUSIC,** | § | |
| **INDIVIDUALLY, and SEMI EXPRESS,** | § | 155th |
| **LLC** | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiff Maria Mendez files this, her Original Petition, complaining of and against Defendants Bryant Page, Sead Jusic, Individually, and Semi Express, LLC, and in support thereof, Plaintiff respectfully shows this Honorable Court the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery will be conducted pursuant to a Level 3 discovery control plan. Tex. R. Civ. P. 190.4.

### B. PARTIES

2. Plaintiff Maria Mendez is an individual who resides in Harris County, Texas. The last three digits of Plaintiff's driver's license are 978.

3. Defendant Bryant Page ("Page") is an individual who resides in Jefferson County, Kentucky. Defendant Page's last known address is 2312 W. Muhammad Ali Blvd., Louisville, Kentucky 40212-1766. As an out of state resident involved in a collision within the state of Texas, Bryant Page may be served with process via service on the Chairman of the Texas Department of Transportation, J. Bruce Bugg, Jr. at 125 E. 11th Street, Austin, Texas 78701. TEX. CIV. PRAC. & REM. CODE. § 17.062.

**EXHIBIT C**

4. Defendant Sead Jusic ("Jusic") is an individual who resides in Warren County, Kentucky, and Defendant Jusic can be served with process via personal service or certified mail, return receipt requested at 807 Biscaynne Ct., Bowling Green, Kentucky 42101-9090.

5. Defendant Semi Express, LLC ("Semi Express") is a Kentucky limited liability company with its principal place of business in Bowling Green, Warren County, Kentucky. Defendant Semi Express may be served with process via certified mail, return receipt requested through its registered agent for service Sead Jusic, 807 Biscaynne Ct., Bowling Green, Kentucky 42101-9090.

## C. JURISDICTION AND VENUE

6. Venue is proper in Austin County, Texas, pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims, causes of actions, and damages occurred in Austin County, Texas.

7. This court has personal jurisdiction over Defendant Bryant Page because defendant regularly conducts business within the state of Texas, and in fact, was doing business in Texas at the time of the events giving rise to the lawsuit.

8. This Court has personal jurisdiction over Defendants Sead Jusic and/or Semi Express, LLC, because they were engaged in Interstate Commerce conducting business in Texas at the time of the events giving rise to the lawsuit.

9. The Court has subject matter jurisdiction over the controversy because the events or conditions from which this lawsuit arises occurred in Texas and because Plaintiff seeks damages in excess of the minimal jurisdictional limits of this Court.

## D. TRCP 47 STATEMENT OF DAMAGE

10. Pursuant to the Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief

of over $1,000,000.00. The damages Plaintiff seeks are within the jurisdictional limits of the Court.

### E. AGENCY/RESPONDEAT SUPERIOR

11. Whenever it is alleged in this Petition that Defendants Sead Jusic and/or Semi Express, LLC, did any act or thing, it is also meant that their agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives, including but not limited to Bryant Page, did such act or thing and, at the time such act or thing was done, it was done with Defendants Sead Jusic's and/or Semi Express, LLC's authorization or was done in the normal routine course of the agency or employment of Defendants Sead Jusic and/or Semi Express LLC.

### F. FACTS

12. On October 8, 2020, at approximately 7:54 AM, Plaintiff Maria Mendez was traveling eastbound in the outside lane of I-10. At that time, Defendant Bryant Page was operating a 2006 Volvo tractor-trailer, in the course and scope of his employment with Defendants Sead Jusic and/or Semi Express, LLC, traveling eastbound in the outside lane of traffic directly behind Plaintiff. Plaintiff stopped in her lane of traffic to avoid colliding with a stalled vehicle in front of her. Defendant Page traveling directly behind Plaintiff failed to control his speed and failed to maintain an assured clear distance and collided with the rear of Plaintiff's vehicle, causing the damages and injuries to Plaintiff described below.

13. At all times material hereto, Defendant Page was employed by Defendants Sead Jusic and/or Semi Express, LLC, and was acting at Defendants Sead Jusic and/or Semi Express's direction and for Defendants Sead Jusic and/or Semi Express's benefit.

14. At all times material hereto, Defendant Page was in the course and scope of his employment with Defendants Sead Jusic and/or Semi Express.

15. At all times material hereto, Defendant Page was engaged in the furtherance of Defendants Sead Jusic and/or Semi Express's business.

16. At all times material hereto, Defendant Page was engaged in accomplishing a task for which he was employed by Defendants Sead Jusic and/or Semi Express, LLC.

17. At all times material hereto, Defendant Page was negligent in the operation of the vehicle owned/leased by Defendants Sead Jusic and/or Semi Express, LLC.

### G. PLAINTIFF'S CLAIMS AGAINST DEFENDANT BRYANT PAGE

18. The incident made the basis of this suit and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of Defendant Page. The acts of negligence/negligence *per se* of Defendant Page include, but are not limited to, the following:

   a. Failing to maintain such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
   b. Failing to apply his brakes properly and timely as a person of ordinary prudence would have done under the same or similar circumstances;
   c. Failing to control his speed;
   d. Failing to keep an assured clear distance between his vehicle and that of Plaintiff;
   e. Failing to operate his vehicle in accordance with the laws, ordinances, and regulations found in the Texas Transportation Code, in violation of 49 C.F.R. § 392.2, and resulting in negligence *per se*;
   f. Failing to take such evasive action as a person of ordinary prudence, exercising ordinary care, would have done to avoid the collision;
   g. Driving in willful and wanton disregard for the safety of persons and/or property thereby violating Tex. Transportation Code § 545.401(a);
   h. Violating the Texas Transportation Code in other respects to be determined constituting negligence *per se;*
   i. Failing to take such evasive action as a person of ordinary prudence, exercising ordinary care, would have done to avoid the collision; and,
   j. Failing to exercise due diligence in observing the roadway.

19. Each and all of these acts and omissions, singularly or in combination with others, constituted negligence and/or negligence *per se*, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## H. LIABILITY OF DEFENDANT BRYANT PAGE

20. Defendant Page was an employee/statutory employee of Defendants Sead Jusic and/or Semi Express, LLC, and was in the course and scope of his employment at the time of the collision. The negligence/negligence *per se* of Defendant Page is therefore imputed to Defendants Sead Jusic and/or Semi Express, LLC. The negligence/negligence *per se* of Defendant Page, directly and vicariously, was the proximate cause of the collision in question, pursuant to the legal doctrine *respondeat superior.*

21. In the alternative, Defendants Sead Jusic and/or Semi Express, LLC, is responsible for the negligent acts and/or omissions of Defendant Page because at the time and place in question Defendant Page was operating a commercial vehicle under Defendants Sead Jusic and/or Semi Express, LLC's US DOT authority and he, as well as Defendants Sead Jusic and/or Semi Express, LLC, were therefore subject to the Federal Motor Carrier Safety Regulations, including 49 C.F.R. §376.12 (c) (1). Accordingly, at all relevant times hereto, Defendant Bryant Page was a statutory employee of Defendants Sead Jusic and/or Semi Express, LLC, and Plaintiff Mendez is a member of the class of persons 49 C.F.R. §376.12 (c) (1) was designed to protect.

### I. Negligent Hiring

22. Plaintiff alleges herein that Defendants Sead Jusic and/or Semi Express, LLC, was negligent in the hiring of Defendant Page, in that Defendant knew, or in the exercise of reasonable care should have known, that Defendant Page was unfit or unqualified for a position that would require him to safely operate commercial motor vehicles. Further, Defendants Sead Jusic and/or Semi Express, LLC, failed to do a proper background check, failed to make sure that Defendant Page had the skills necessary to safely operate a commercial motor vehicle, and failed

to comply with the minimum safety standards concerning hiring contained within the Federal Motor Carrier Safety Regulations and industry safety standards. Further, Defendants Sead Jusic and/or Semi Express, LLC, knew, or in the exercise of reasonable care should have known, that Defendant Page had not been provided adequate, if any, training by Defendants Sead Jusic and/or Semi Express, LLC, concerning the safe operation of a commercial motor vehicle.

23. The foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## II. Negligent Training

24. Plaintiff alleges herein that Defendants Sead Jusic and/or Semi Express, LLC, was negligent in the training of its employee, Page, in the following particulars:

    a. Defendants Sead Jusic and/or Semi Express, LLC, knew, or in the exercise of reasonable care should have known, that Defendant Page was unfit or unqualified for a position in which they was required to safely operate and drive commercial motor vehicles;

    b. Defendants Sead Jusic and/or Semi Express, LLC, failed to properly train and/or instruct its employee, Defendant Page, for the job they was to perform and for the safe operation of a commercial motor vehicle; and

    c. Defendants Sead Jusic and/or Semi Express, LLC, failed to instruct or train their employee, Defendant Page, concerning the commercial motor vehicle and allowed its employee to drive a commercial motor vehicle when it knew, or should have known, that the employee was not capable of, or qualified in, operating the vehicle safely and prudently.

25. Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

### III. Negligent Supervision

26. Plaintiff alleges herein that Defendants Sead Jusic and/or Semi Express, LLC, was negligent in the supervision of its employee, Defendant Page, in the following particulars:

   a. Defendants Sead Jusic and/or Semi Express, LLC, knew, or in the exercise of reasonable care should have known, that Defendant Page was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle;
   b. Defendants Sead Jusic and/or Semi Express, LLC, failed to supervise Defendant Page for the job that he was to perform; and
   c. Defendants Sead Jusic and/or Semi Express, LLC, failed to supervise their employee, Defendant Page, on the date of the incident in question, and allowed, or failed to prevent, Defendant Page from operating a commercial motor vehicle in an unsafe manner on Defendants Sead Jusic and/or Semi Express, LLC's behalf, for their benefit, and for their monetary profit.

27. Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

### IV. Negligent Retention

28. Plaintiff alleges herein that Defendants Sead Jusic and/or Semi Express, LLC, was negligent in the retention of Defendant Page as a commercial motor vehicle driver, in that Defendants Sead Jusic and/or Semi Express, LLC, knew, or in the exercise of reasonable care should have known, that Defendant Page was unfit or unqualified for a position which they was required to safely operate a commercial motor vehicle. Further, Defendants Sead Jusic and/or Semi Express, LLC, knew, or in the exercise of reasonable care should have known, that Defendant Page had not been provided adequate, if any, training by Defendants Sead Jusic and/or Semi Express, LLC, concerning the safe operation of a commercial motor vehicle. Despite this actual or constructive knowledge, Defendants Sead Jusic and/or Semi Express, LLC,

negligently and gross negligently retained Defendant Page from the date on which he was hired until and including the date of the incident in question. During that time, Defendants Sead Jusic and/or Semi Express, LLC, allowed Defendant Page to operate, or failed to prevent Defendant Page from operating, in an unsafe manner a commercial motor vehicle on Defendants Sead Jusic and/or Semi Express, LLC's behalf, for Defendants Sead Jusic and/or Semi Express, LLC's benefit, and for Defendants Sead Jusic and/or Semi Express, LLC's monetary gain.

29. Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## I. DAMAGES

30. As a result of Defendants' negligence, Plaintiff Maria Mendez has suffered serious personal injuries, including injuries to her neck, shoulders, arms, legs, knees, and back. Plaintiff Mendez believes some of her injuries are permanent in nature and have had a serious effect on her well-being. As a result, Plaintiff seeks to recover the following damages:

    a.  Medical expenses incurred in the past;
    b.  Medical expenses that, in reasonable probability, will be incurred by Plaintiff in the future;
    c.  Lost wages sustained in the past;
    d.  Loss of earning capacity that, in reasonable probability, will be sustained by Plaintiff in the future;
    e.  Past physical pain and suffering;
    f.  Physical pain and suffering that, in reasonable probability, Plaintiff will suffer in the future;
    g.  Past mental anguish;
    h.  Mental anguish that, in reasonable probability, Plaintiff will suffer in the future;
    i.  Past physical impairment;
    j.  Physical impairment that, in reasonable probability, Plaintiff will suffer in the future;
    k.  Physical disfigurement in the past; and

l.  Physical disfigurement that, in reasonable probability, Plaintiff will suffer in the future.

31. Plaintiff seeks fair and reasonable compensation for her damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

## J. GROSS NEGLIGENCE

32. The negligence of Defendants as alleged above was of such character as to make the Defendants guilty of gross negligence. The conduct of Defendants was in heedless and reckless disregard of the rights of the Plaintiff, and involved such an entire want of care as to indicate that it was a result of conscious indifference to Plaintiff's rights, welfare and safety. As a result of Defendants gross negligence, Plaintiff is entitled to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a) in such an amount as may be found to be proper under these facts and circumstances.

## K. DOCUMENTS TO BE USED

33. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff intends to use all documents exchanged and produced between the parties including, but not limited to, correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## L. PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer and that upon final hearing hereon, Plaintiff recover as follows:

a. Actual damages within the jurisdictional limits of this Court;

b. Exemplary damages;

c. Pre-judgment and post-judgment interest as allowed by law;

d. Costs of Court; and

e. All such other and relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON, SMITH & JONES

_____
M. RAYMOND HATCHER
State Bar No. 24002243
rhatcher@sloanfirm.com
101 East Whaley Street
Longview, Texas 75601
Telephone: (903) 757-7000
Facsimile: (903) 757-7574

ATTORNEY FOR PLAINTIFF