United States District Court
Southern District of Texas
**ENTERED**
April 18, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA MENDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-02978 |
| | § | |
| SEMI EXPRESS, LLC, BRYANT PAGE, | § | |
| and SEAD JUSIC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Rule 12(e) Motion for More Definite Statement (Doc. No. 2). Plaintiff filed a response in opposition (Doc. No. 18). After careful consideration, the Court denies the Motion.

### I. Background

This case arises out of an alleged automobile accident. The following allegations are contained in Plaintiff's original petition (Doc. No. 1, Ex. 4). On October 8, 2020, at approximately 7:54am, Plaintiff Maria Mendez ("Plaintiff" or "Mendez") was driving her vehicle eastbound on Interstate 10 in the outside lane. (*Id.* at 3).[1] At that time, Defendant Bryant Page ("Page") was operating a 2006 Volvo tractor-trailer in the course and scope of his employment with Defendants Sead Jusic ("Jusic") and/or Semi Express, LLC ("Semi Express") (collectively, "Defendants"). (*Id.*). Page's tractor-trailer was directly behind Plaintiff's vehicle. (*Id.*). Plaintiff, in order to avoid colliding with a stalled vehicle in front of her, stopped in her lane of traffic. (*Id.*). Page, travelling

---

[1] This factual summary is derived wholly from the allegations of the original petition. (Doc. No. 1, Ex. 4).

directly behind Plaintiff, "failed to control his speed and failed to maintain an assured clear distance and collided with the rear of Plaintiff's vehicle," causing Plaintiff's injuries. (*Id.*).

Mendez filed suit in state court, asserting claims for negligence, negligence per se, respondeat superior, negligent hiring, negligent training, negligent supervision, negligent retention, and gross negligence. (*Id.* at 4–7). Defendants timely removed this case to federal court on the basis of diversity jurisdiction. (Doc. No. 1).[2] Defendants subsequently filed the motion for more definite statement under review. (Doc. No. 2).

## II.  Legal Standard

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Rule 12(e) must be read in light of Rule 8 of the Federal Rules of Civil Procedure. *Tempur-Pedic Intern. Inc. v. Angel Beds LLC*, 902 F. Supp. 2d 958, 971 (S.D. Tex. 2012). Rule 8 requires a short and plain statement of the claim that will give notice of what the plaintiff's claim is and the grounds upon which it rests. FED. R. CIV. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Given that Rule 8 only requires a short and plain statement of claims, "a motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." *Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 707 (S.D. Tex. 2011) (citing *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001)).

A Rule 12(e) motion is appropriate where "a pleading fails to specify the allegations in a

---

[2] Mendez's original petition asserts that (1) Plaintiff is a resident of Harris County, Texas; (2) Defendant Bryant Page is a resident of Kentucky; (3) Defendant Sead Jusic is a resident of Kentucky; and (4) Defendant Semi Express, LLC is a Kentucky limited liability company with its principal place of business in Kentucky. (Doc. No. 1, Ex. 4, at 1–2). In addition, the original petition states that Plaintiff seeks monetary relief of "over $1,000,000.00." (*Id.* at 2–3). Thus, the citizenship and amount-in-controversy requirements of diversity jurisdiction are satisfied. *See* 28 U.S.C. § 1332.

2

manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *accord Pension*, 771 F. Supp. 2d at 707. "Where matters can be clarified and developed during discovery rather than the existence of a complaint that impedes the defendant's ability to form a responsive pleading, such a motion should not be granted." *Ross v. Texas*, No. H-10-2008, 2011 WL 5978029, at *7 (S.D. Tex. Nov. 29, 2011); *see also Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006). Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court. *Turner v. Pavlicek*, No. H–10–00749, 2011 WL 4458757, at *16 (S.D. Tex. Sept. 22, 2011).

### III. Discussion

A. <u>Negligent Hiring, Training, Supervision, Retention, and Gross Negligence</u>

Defendants contend they are entitled to a more definite statement because Plaintiff's allegations concerning negligent hiring, training, supervision, retention, and gross negligence are merely a formulaic recitation of the elements of those causes of action. (Doc. No. 2, at 2). Defendants argue Plaintiff does not plead any facts regarding (1) the topic of hiring, training, supervision, and retention; (2) how any acts or omissions proximately caused the accident; and (3) how any acts or omissions could constitute gross negligence. (*Id.*) In response, Plaintiff contends that her allegations plead sufficient facts to put Defendants on notice of her claims. (Doc. No. 8, at 4–11).

Under Texas law, claims against an employer for negligent hiring, supervising, training, or retention are based on direct liability rather than vicarious liability. *Soon Phat, L.P. v. Alvarado*, 396 S.W.3d 78, 100–01 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). An employer will be held liable if its negligence in hiring, supervising, training, or retaining an unfit employee proximately causes the plaintiff's injuries. *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex.

3

App.—Fort Worth 2002, no pet.). To make out a claim of negligent hiring, training, supervision, or retention under Texas law, a plaintiff must show: (1) the employer owed the plaintiff a legal duty to hire, supervise, train, or retain competent employees; (2) the employer breached that duty; and (3) the breach proximately caused the plaintiff's injury. *Castillo v. Gulf Coast Livestock Mkt., LLC*, 392 S.W.3d 299, 306 (Tex. App.—San Antonio 2012, no pet.); *EMI Music Mexico, S.A. de C.V. v. Rodriguez*, 97 S.W.3d 847, 858 (Tex. App.—Corpus Christi 2003, no pet.).

   *1. Negligent Hiring*

On the topic of negligent hiring, Plaintiff does indeed provide specific allegations. In particular, Plaintiff alleges Defendants Jusic and Semi Express (1) failed to do a proper background check, (2) failed to make sure that Defendant Page had the skills necessary to safely operate a commercial motor vehicle, and (3) failed to comply with the minimum safety standards contained within the Federal Motor Carrier Safety Regulations and industry safety standards. (Doc. No. 1, Ex. 4, at 5–6). Plaintiff also clearly alleges proximate causation. *See* (*id.* at 6) ("The foregoing act(s) and/or omission(s) . . . proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages."). These allegations are sufficient to provide adequate notice as to Plaintiff's claim for negligent hiring. The motion for more definite statement is denied as to Plaintiff's negligent hiring claim.

   *2. Negligent Training, Supervision, and Retention*

In contrast to her claim for negligent hiring, Plaintiff's claims for negligent training, supervision, and retention consist of little more than legal conclusions. For instance, in support of her claim for negligent training, Plaintiff alleges only:

> 24. Plaintiff alleges herein that Defendants Sead Jusic and/or Semi Express, LLC, was negligent in the training of its employee, Page, in the following particulars:

4

> a. Defendants Sead Jusic and/or Semi Express, LLC, knew, or in the exercise of reasonable care should have known, that Defendant Page was unfit or unqualified for a position in which they was required to safely operate and drive commercial motor vehicles;
>
> b. Defendants Sead Jusic and/or Semi Express, LLC, failed to properly train and/or instruct its employee, Defendant Page, for the job they was to perform and for the safe operation of a commercial motor vehicle; and
>
> c. Defendants Sead Jusic and/or Semi Express, LLC, failed to instruct or train their employee, Defendant Page, concerning the commercial motor vehicle and allowed its employee to drive a commercial motor vehicle when it knew, or should have known, that the employee was not capable of, or qualified in, operating the vehicle safely and prudently.
>
> 25. Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

(Doc. No. 1, Ex. 4, at 6, ¶¶ 24–25). Plaintiff's allegations are mere legal conclusions, which are insufficient under governing pleading standards. *See Twombly*, 550 U.S. at 555. Plaintiff's claims for negligent supervision and negligent retention are alleged in a similarly conclusory fashion. *See* (Doc. No. 1, Ex. 4, at 7–8). The motion for more definite statement is granted as to these claims.

*3. Gross Negligence*

Defendants contend that Plaintiff's original petition fails to plead any facts regarding gross negligence. (Doc. No. 2, at 2–3). In response, Plaintiff argues that its gross negligence claim is based on Defendants' exhibition of a conscious indifference/disregard of a high probability of harm to drivers on the roadway. (Doc. No. 8, at 5, 11). The original petition's statements concerning gross negligence are as follows:

> 32. The negligence of Defendants as alleged above was of such character as to make the Defendants guilty of gross negligence. The conduct of Defendants was in heedless and reckless disregard of the rights of the Plaintiff, and involved such an entire want of care as to indicate that it was a result of conscious indifference to Plaintiff's rights, welfare and safety. As a result of Defendants gross negligence, Plaintiff is entitled to exemplary damages under Texas Civil Practice & Remedies

> Code § 41.003(a) in such an amount as may be found to be proper under these facts and circumstances.

(Doc. No. 1, Ex. 4, at 8, ¶ 32). While this paragraph primarily consists of legal conclusions, it nevertheless incorporates Plaintiff's earlier allegations regarding ordinary negligence. These include the factual allegations that Defendant Page, while operating a 2006 Volvo tractor-trailer, was driving so close to Plaintiff and at such a speed that he was unable to keep from hitting the rear of Plaintiff's vehicle. (Doc. No. 1, Ex. 4, at 3). These allegations, taken as true, permit the fact finder to draw the reasonable inference that Defendant Page was grossly negligent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Similarly, the allegations regarding Defendants Jusic and Semi Express's negligent hiring of Defendant Page are sufficient to support a gross negligence claim against them at this stage. The motion for more definite statement is denied as to Plaintiff's gross negligence claim.

  B. <u>Negligence Per Se</u>

Defendants additionally contend that Plaintiff fails to sufficiently allege negligence per se. (Doc. No. 2, at 3). Specifically, Defendants argue that the statutory and regulatory provisions cited by Plaintiff cannot support a negligence per se claim as a matter of law. (*Id.*) As far as negligence per se is concerned, Plaintiff has alleged the following:

> 18. The incident made the basis of this suit and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of Defendant Page. The acts of negligence/negligence *per se* of Defendant Page include, but are not limited to, the following:
>
> . . .
>
> e. Failing to operate his vehicle in accordance with the laws, ordinances, and regulations found in the Texas Transportation Code, in violation of 49 C.F.R. § 392.2, and resulting in negligence *per se*;
>
> . . .
>
> g. Driving in willful and wanton disregard for the safety of persons and/or property thereby violating Tex. Transportation Code § 545.401(a); [and]

6

      h. Violating the Texas Transportation Code in other respects to be determined constituting negligence *per se*.

(Doc. No. 1, Ex. 4, at 4, ¶ 18).

Defendants argue that the two provisions cited by Plaintiff—49 C.F.R. § 392.2 and Texas Transportation Code § 545.401(a)—cannot support a claim for negligence per se. (Doc. No. 2, at 3). Title 49 of the Code of Federal Regulations, section 392.2 provides:

> Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with.

49 C.F.R. § 392.2. Defendants' motion states, "[c]learly, this section cannot be a basis for negligence per se claim," but does not explain why. (Doc. No. 2, at 3).

Texas Transportation Code § 545.401(a), defining the offense of reckless driving, provides: "A person commits an offense if the person drives a vehicle in wilful or wanton disregard for the safety of persons or property." TEX. TRANSP. CODE § 545.401(a). Defendants contend this section does not create a cause of action for negligence per se, because it does not set a standard for "willful or wanton." (Doc. No. 2, at 3).

Whatever their merits, Defendants' contentions address pure questions of law and do not pertain to the sufficiency of Plaintiff's factual allegations. They are more properly the subject of a motion to dismiss for failure to state a claim or a motion for summary judgment. *See* FED. R. CIV. P. 12(b)(6); 56(a). Therefore, this portion of the motion is denied without prejudice to the substance being reasserted in a later motion.

### IV.   Conclusion

For the foregoing reasons, Defendants' Rule 12(e) Motion for More Definite Statement (Doc. No. 2) is **GRANTED in part** and **DENIED in part**.

7

The Court further **ORDERS** that Plaintiff may file a more definite statement as to her negligent training, supervision, and retention claims within fourteen (14) days. This statement should take the form of an amended complaint. Failure to file an amended complaint will result in the dismissal of these claims.

Signed at Houston, Texas, this 18 day of April, 2022.

Andrew S. Hanen
United States District Judge