United States District Court
Southern District of Texas
**ENTERED**
June 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIA MENDEZ, § | |
| § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 4:21-cv-2978 |
| § | |
| BRYANT PAGE, *et al.*, § | |
| § | |
| *Defendants*. § | |

## ORDER

Pending before the Court is Plaintiff Maria Mendez's ("Plaintiff" or "Mendez") Motion for Leave to File Second Amended Complaint (Doc. No. 27). Defendants Bryant Page, Sead Jusic, and Semi Express, LLC's (collectively, "Defendants") responded in opposition (Doc. No. 28) and Plaintiff replied (Doc. No. 32). Having reviewed the briefs and arguments of counsel, the Court **DENIES** Plaintiff's Motion for Leave to File a Second Amended Complaint.

### I.     Factual Background

This case arises from a motor vehicle accident. Shortly after removing the case to this Court, Defendants filed a Motion for More Definite Statement, which addressed Plaintiff's claims for negligent training, supervision, and retention against Defendants Sead Jusic and Semi Express, LLC. (Doc. No. 2). This Court granted in part and denied in part Defendants' Motion and ordered Plaintiff to file a more definite statement as to her negligent training, supervision, and retention claims. (Doc. No. 17 at 8). Instead of filing a more definite statement or requesting time to do discovery, Plaintiff instead voluntarily removed her negligent training, supervision, and retention claims from her First Amended Complaint. (Doc. No. 18).

In her Motion for Leave to File a Second Amended Complaint, Plaintiff now seeks to add her previously removed negligent training, supervision, and retention claims. Defendants responded in opposition (Doc. No. 28) and Plaintiff replied (Doc. No. 32).

## II.     Legal Standard

Federal Rule of Civil Procedure 15(a) provides that amendments to a complaint may be made once as a matter of course within 21 days of serving it, and after that, only by leave of court or with the consent of the opposing party. *See* Fed. R. Civ. P. 15(a). Under Rule 15(a), the "court should freely give leave when justice so requires." *Id.* Unless there is a "substantial reason," such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party," the court should grant leave to amend. *Dussoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend, however, is "in no way automatic." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). The Fifth Circuit has consistently affirmed denials of motions to amend where the amendment would be futile. *Turner v. Pan. Am. Life Ins. Co.*, 478 F. App'x 915, 916 (5th Cir. 2012).

## III.    Analysis

Plaintiff argues that she should be given permission for leave to amend her Complaint for the second time under Rule 15(a) to re-allege her negligent training, supervision, and retention claims because the parties have conducted additional discovery since she initially removed them from her First Amended Complaint. (Doc. No. 27 at 1-2). In response, Defendants contend that Plaintiff's Rule 15(a) motion should be denied because of Plaintiff's unexplained delay and that Defendants would be substantially prejudiced by Plaintiff's amendment. Doc. No. 28).

This Court agrees with Defendants that allowing Plaintiff leave to file a Second Amended Complaint at this time would be improper. As an initial matter, Plaintiff has failed to attach a

Proposed Second Amended Complaint to her Motion for Leave. Without the ability to review exactly what specific modifications and additions Plaintiff would make in her Second Amended Complaint, this Court finds that granting Plaintiff the permission to do so would unduly prejudice Defendants.

Moreover, Plaintiff has not offered an explanation for her delay. Plaintiff was could have provided a more definite statement as to her proposed additional claims when this Court initially granted Defendants' Motion for a More Definite Statement. (Doc. No. 17). Although Plaintiff cites that "discovery was in its infancy" at the time of this Court's Order as her reason for voluntarily removing her claims from her First Amended Complaint, this Court finds this argument unavailing. Plaintiff had every opportunity to conduct the discovery necessary to submit a more definite statement at the time of this Court's Order. Instead, nearly two years into this lawsuit, Plaintiff now seeks a second bite at the apple.

Given Plaintiff's significant, unexplained delay, coupled with the burdens it would impose on Defendants at this stage of the litigation, this Court accordingly denies Plaintiff's Motion for Leave to File a Second Amended Complaint.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to Amend her Complaint.

Signed at Houston, Texas, this 27 day of June, 2023.

Andrew S. Hanen
United States District Judge